**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Margaret Brouillard,<br>Petitioner,<br>v.<br>Eric Rokosky, et al.,<br>Respondents. | No. CV-26-04445-PHX-DJH<br>**ORDER** |

Petitioner filed this action under 28 U.S.C. § 2241 challenging her immigration detention. (Doc. 1.) Petitioner was released from custody on July 1, 2026, but was not provided with her Lawful Permanent Resident ("LPR") card upon her release. (Doc. 7.) On July 2, 2026, the Court granted Petitioner's Emergency Motion for Temporary Restraining Order in part, directing:

> The Motion is granted to the extent Petitioner seeks return of her Lawful Permanent Resident Card from Respondents. Respondents must IMMEDIATELY return Petitioner's Lawful Permanent Resident Card to her, and shall coordinate with Petitioner's counsel to do so. No bond is required.

(Doc. 13 at 4:12-15.) (emphasis in original) The Order also instructed Respondents "shall coordinate with Petitioner's counsel to do so." (*Id.*)

On July 29, 2026, Petitioner filed a Motion to Enforce Judgment, arguing that her LPR card had not yet been returned as ordered. (Doc. 25.) Respondents' response stated:

> The file containing the Petitioner's Lawful Permanent Resident card arrived at the Enforcement and Removal Operations Boston Field Office on July 27,

> 2026, after originally being requested on July 15, 2026. It was processed to the appropriate records holder on August 3, 2026.

(Doc. 28.)

Petitioner filed a Status Update on August 11, 2026, indicating Petitioner still had not received her LPR card. (Doc. 29.) As a result, on August 14, 2026, the Court issued an Order to Show Cause why the Court should not enter a civil contempt finding. (Doc. 31.) The Court's Order set a hearing on Petitioner's Motion on August 26, 2026. (*Id.*)

Petitioner received her LPR card on August 24, 2026, just two days before the contempt hearing. (Doc. 34.) Respondent then filed a Motion seeking vacatur of the Court's hearing because the LPR had been returned. (Doc. 35). Petitioner filed a Response opposing the Motion. (Doc. 36.) The Court denied Respondent's Motion. (Doc. 38.) The Court held a contempt hearing on August 26, 2026. (Doc. 39.)

## I. Legal Standard

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966) (internal citations omitted). Civil contempt occurs when a party disobeys "a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993); *see also Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006).

"Before finding civil contempt, a court must determine by clear and convincing evidence that: (1) a valid court order exists that is 'specific and definite'; (2) the party had knowledge of the order and notice of and an opportunity to be heard about the alleged noncompliance; and (3) the party failed to take '*all* reasonable steps to comply with the order.'" *Parsons v. Ryan*, No. CV-12-0601-PHX-DKD, 2018 WL 3239691, at *2 (D. Ariz. June 22, 2018) (citations omitted) (emphasis in original). The alleged contemnor must show "categorically and in detail" why it is or was unable to comply. *Oliner v. Kontrabecki*, 305 B.R. 510, 520 (N.D. Cal. 2004) (citing *N.L.R.B. v. Trans Ocean Export*

*Packing, Inc.*, 473 F.2d 612, 616 (9th Cir. 1973)).

The contempt "need not be willful," and there is no good faith exception to the requirement to obey a court order. *In re Dual-Deck*, 10 F.3d at 695. But a party should not be held in contempt if its action appears to be based on a good faith and reasonable interpretation of the court's order. *Id.* Substantial compliance with a court order is a defense to civil contempt. *Id.* A few technical violations do not vitiate substantial compliance "where every reasonable effort has been made to comply." *Id.*

**II. Discussion**

There is nothing in the parties' briefing that changes the Court's determination that (1) a valid Court Order existed that was specific and definite regarding return of Petitioner's Lawful Permanent Resident card and (2) counsel had knowledge of the July 2, 2026 Order. *See Parsons*, 2018 WL 3239691, at *2. And both parties concede so.

As discussed at the August 26, 2026 Contempt Hearing, the Court further finds that counsel[1] for Respondents failed to take all reasonable steps to comply with the July 2, 2026 Order. While SAUSA Riley stated during the hearing that she forwarded the July 2 Order to Immigration ("ICE") and Customs Enforcement within 24 to 48 hours of the Court's Order, she provided no evidence supporting that contention. Indeed, the record confirms Petitioner's LPR card was not requested from the National Records Center until July 15, 2026, nearly two weeks after the Court's July 2, 2026 Order.[2] Nor did SAUSA Riley provide any emails to her point-of-contact at ICE or substantiate any alleged efforts to facilitate the return of Petitioner's LPR card.[3] Rather, as Petitioner points out, at the Contempt Hearing, SAUSA Riley continued to blame inter-agency coordination issues as justification.

---

[1] Respondents are represented by Traci Riley, a designated Special Assistant U.S. Attorney ("SAUSA") who is an employee of the U.S. Immigration and Customs Enforcement Agency.

[2] Respondents stated being unaware that holding an LPR card in this way is a violation of the agencies own policies. (*See* Docs.25-2 at ¶ 7 and 25-3.)

[3] Indeed, SAUSA Riley declined the Court's offer to supplement the record with evidence of any efforts she made.

Petitioner's Motion for Contempt and Enforcement of the Judgment included counsel's email request dated July 14, 2026 to SAUSA Riley that the LPR card be delivered to her in Massachusetts because that was Petitioner's place of residence. (Doc. 25-1.) Petitioner's counsel never received a response to that email. Ms. Riley did not dispute that she never replied to Petitioner's counsel's July 14, 2026 email inquiry to coordinate return of the card and nothing in the record indicates that she otherwise coordinated with Petitioner's counsel to facilitate the return of Petitioner's card, as ordered. Indeed, apart from requesting the return of the card from Respondents' local ICE point-of-contact, counsel did not indicate any other efforts to mitigate the harm to Petitioner stemming from the confiscation of and failure to return her LPR card upon her release from custody, harm that this Court intended to mitigate in issuing its Order.

Also lacking from the record is any explanation why it would take weeks for documents to be "in transit" from the National Records Center to an ICE field office and why SAUSA Riley failed to take any affirmative steps to expedite that process. Indeed, when pressed about her specific actions to effectuate the Court's Order, Respondents provided no details other than contacting a "point-of-contact" with the local ICE Office. Beyond that, Respondents provided no other affirmative acts taken to comply with the Court's Order. Accordingly, the Court finds SAUSA Riley failed to take all reasonable steps to comply with the Court's July 2, 2026 Order.

**IT IS THEREFORE ORDERED** Petitioner's Motion to Enforce Judgment (Doc. 25) is **granted**. Counsel for Respondents, Ms. Tracy Riley, is held in civil contempt for failure to comply with the Court's July 2, 2026 Order.

**IT IS FURTHER ORDERED** that Petitioner may file a Motion within fourteen days that supports her request for compensatory damages and attorney's fees stemming from the failure to comply with the Court's July 2, 2026 Order.

Dated this 27th day of August, 2026.

Honorable Diane J. Humetewa
United States District Judge