**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Margaret Brouillard,<br>Petitioner,<br>v.<br>Eric Rokosky, et al.,<br>Respondents. | No. CV-26-04445-PHX-DJH<br>**ORDER** |

On behalf of Special Assistant United States Attorney Tracy Riley ("SAUSA Riley"), counsel to Respondents, the Department of Justice seeks an extension of time for SAUSA Riley to respond to Petitioner's Motion for Attorneys' Fees so that her request for representation can be processed. (Doc. 44). Petitioner objects to the requested extension as unnecessary — Petitioner says she seeks her monetary sanctions against Respondents, not against SAUSA Riley. (Doc. 47). In her Reply (Doc. 49), SAUSA Riley clarifies that the extension is only sought on her own behalf, not Respondents', and notes that if Respondents' pending Motion for Reconsideration of the Court's August 27, 2026, Order (Doc. 46) is granted, such that only Respondents are found to be in contempt, Respondents' counsel's request for more time to respond can be denied as moot.[1]

The Court finds good cause to grant an extension of time for SAUSA Riley to

[1] Respondents' Motion for Reconsideration does "not ask this Court to rethink its prior evaluation of the facts here as justifying civil contempt" but only asks that the Court reconsider whether SAUSA Riley was afforded proper notice that she could be the subject of contempt sanctions. (Doc. 46). This Order moots the necessary of further briefing on the issue.

respond to Petitioner's Motion for Attorneys' Fees. The Court's August 27, 2026, Order held "Counsel for Respondents, Ms. Tracy Riley" in civil contempt for failure to comply with the Court's July 2, 2026, Order." (Doc. 41). The Order was not limited to Respondents and SAUSA Riley should have an opportunity to respond on her own behalf through chosen representation.

However, ultimately, the extension to the pending Motion for Attorneys' Fees is unnecessary because the Court will also *sua sponte* amend its August 27, 2026, Order to hold *Respondents* in civil contempt for failure to comply with the Court's July 2, 2026, Order. To relieve any due process concerns, the Court will also Order SAUSA Riley to Show Cause in writing why she should not be found in civil contempt for the reasons stated in the briefing on Petitioner's Motion to Enforce Judgment (Docs. 25, 27, 28, 29, 30, 34), on the record during the Court's August 26, 2026, Contempt Hearing (Docs. 39; 42), and in the Court's August 27, 2026, Order (Doc. 41).

In accordance with the above, and for good cause showing,

**IT IS ORDERED** that the Court's August 27, 2026, Order is **amended** at 4:21-22 to state "Respondents are held in civil contempt for failure to comply with the Court's July 2, 2026 Order." All civil contempt sanctions arising out of the August 27, 2026, Order against SAUSA Riley are **vacated**.

**IT IS FURTHER ORDERED** that SAUSA Tracey Riley, shall show cause, in writing, on or before **October 2, 2026**, why she should not be held in contempt for failure to comply with the Court's July 2, 2026, Order for the reasons stated in the briefing on Petitioner's Motion to Enforce Judgment (Docs. 25, 27, 28, 29, 30, 34), on the record during the Court's August 26, 2026, Contempt Hearing (Docs. 39; 42), and in the Court's August 27, 2026, Order (Doc. 41).

/ / /

/ / /

/ / /

/ / /

**IT IS FINALLY ORDERED** that SAUSA Riley's Motion for Extension of Time (Doc. 44) and Respondents' Motion for Reconsideration (Doc. 46) are **denied as moot**.

Dated this 14th day of September, 2026.

Honorable Diane J. Humetewa
United States District Judge